IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KNOW HOW, LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>FEDERATED MUTUAL INSURANCE COMPANY,<br><br>      Defendant. | **8:21CV130**<br><br>**MEMORANDUM AND ORDER** |

  This matter comes before the court on Defendant Federated Mutual Insurance Company's ("FMIC") Motion to Bifurcate Discovery and Trial and Stay Discovery of Plaintiff's Bad Faith Claim (Filing No. 22), and Defendant's Motion for Protective Order. (Filing No. 28). Plaintiff, Know How, LLC ("Know How") opposes the motions. For the following reasons, Defendant's motions will be granted.

BACKGROUND

  On or about August 15, 2019, a severe wind and hailstorm occurred affecting a property owned by Know How at 230340 Highland Road in Scottsbluff, Nebraska. Defendant provided insurance on the property ("the policy"). (Filing No. 1-1 at CM/ECF p. 2). After the storm, Know How made a claim and demand for payment under the policy.

  Know How asserts that FMIC acknowledged that the roof of the building (identified as Building 1-1) was damaged by the 2019 storm, and that the policy at issue provides coverage for storm damage. However, FMIC allegedly denied Know How's claim because the prior owner of the building received payment for a full

replacement of the roof after a storm in 2010 but did not properly make repairs to the building. (Filing No. 1-1 at CM/ECF p. 4). FMIC asserts the policy provided actual cash value covered for Building 1-1, and because the roof was already in a substantially damaged and deteriorated condition from a prior storm, the amount of loss payable under the policy for additional damage caused by the 2019 storm was "nominal." (Filing No. 21-1 at CM/ECF p. 3).

Know How filed a lawsuit against FMIC in the District Court for Scotts Bluff County, Nebraska, seeking recovery of damages for alleged breach of contract and alleged breach of the "common law duty of good faith and fair dealing" ("bad faith"). (Filing No. 1). The case was removed to federal court on March 25, 2021. (Filing No. 1).

Thereafter, the court entered a progression schedule (Filing No. 19) and the parties began discovery. Defendant filed a motion to bifurcate on September 15, 2021. Defendant's counsel contacted the court on October 21, 2021 requesting a conference to discuss whether it would be required to fully answer discovery as to both of Plaintiff's claims. FMIC was directed to file a motion for protective order as soon as practicable, but no later than October 25, 2021. The court stayed the response deadline for the discovery served pending a ruling on the anticipated motion. (Attachment 1). Defendant's timely filed motion requested that FMIC be relieved from answering discovery that is directed to only Know How's bad faith claim. (Filing No. 28). The issues implicated in the motion for protective order are tied directly to the pending motion for bifurcation of this action and FMIC's request to litigate the breach of contract prior to litigation of the bad faith claim. The motions will be taken up together.

ANALYSIS

Under Rule 42(b) of the Federal Rules of Civil Procedure, the court may order a separate trial of one or more separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b). Factors the court may consider include: whether the issues are triable by jury or the court; whether discovery has been directed to a single trial of all issues; whether the evidence required for each issue is substantially different; whether one party would gain some unfair advantage from separate trials; whether a single trial of all issues would create the potential for jury bias or confusion; and whether bifurcation would enhance or reduce the possibility of a pretrial settlement. Ameritas Life Ins. Corp. v. Fed. Ins. Co., No. 4:16cv3006, 2017 WL 432693, at 2 (D. Neb. Jan. 31, 2017). Nevertheless, "even if bifurcation might somehow promote judicial economy, courts should not order separate trials when bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice. Essentially, . . . courts must balance the equities in ruling on a motion to bifurcate." Id.

The trial court has broad discretion in determining when to separate proceedings. Panchal Enterprises v. State Farm Fire & Cas. Co., No. 8:20CV295, 2021 WL 2195504, at *2 (D. Neb. Mar. 10, 2021), (objections overruled). "In exercising discretion, district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." Id. (quoting O'Dell v. Hercules, 904 F.2d 1194, 1201-02 (8th Cir. 1990)). The burden is on the party seeking bifurcation to demonstrate it will be prejudiced if the claims are not separate. See Athey v. Farmers Inc. Exchange, 234 F.3d 357, 362 (8th Cir. 2000).

Courts are often faced with requests to bifurcate insurance litigation where both breach of contract and bad faith claims are raised. However, there is no rule or mandate that those issues be tried separately, and the "analysis must be performed on a case-by-case basis." Gaines v. State Farm Fire & Cas. Co., No. 8:20CV385, 2021 WL 3856113, at *2 (D. Neb. Aug. 27, 2021), citing Kermeen v. State Farm Ins. Co., No. 8:14CV416, 2015 WL 4727646, at *3 (D. Neb. Aug. 10, 2015).

Here, FMIC asserts that bifurcation of discovery and trial proceedings is necessary to prevent evidence relevant to the bad faith claim from prejudicing a jury's determination of the claim for breach of contract, and to avoid potentially unnecessary discovery and foreseeable discovery disputes associated with the bad faith claim. (Filing No. 23 at CM/ECF p. 4). FMIC asserts this case is similar to Kermeen which involved a dispute over an insurer's refusal to pay on claims for property damage for damage caused in a fire and subsequent hailstorm. FMIC argues that Know How's complaint devotes 22 paragraphs to allegations related to the bad faith claim, while the breach of contract claims are contained within two paragraphs. FMIC argues this demonstrates that if the bad faith claims were tried with the breach of contract claims, there would be a very real risk of significant prejudice to FMIC's defense of the bad faith claim.

Plaintiff opposes bifurcation, asserting that its bad faith claim is not predicated on its breach of contract claim. Plaintiff alleges FMIC breached the contract by failing to pay a sufficient amount to address covered damages to the insured property, whereas the bad faith claim alleges FMIC denied contract benefits to Plaintiff without a reasonable basis and that it took actions detrimental to Plaintiff, such as refusing to engage with and communicate with Plaintiff's public adjuster in any meaningful way, and wrongfully denying payment for covered damages. (Filing No. 24 at CM/ECF pp. 4-5). Plaintiff maintains that FMIC's claim

file materials related to the insurance claim at issue are relevant both to the contract claim and the bad faith claim and that FMIC has not met its burden to establish the requisite prejudice. (Id.)

An insurance policy is a contract and its terms provide the scope of the policy's coverage. See Peterson v. Homesite Indem. Co., 840 N.W.2d 885, 891 (Neb. 2013). To recover for a breach of contract, the plaintiff must prove the existence of a promise, the breach of that promise, and damages resulting from that breach. K.M.H. v. Lutheran General Hosp., 431 N.W.2d 606, 608 (Neb. 1988). "[I]n order to establish a claim for bad faith, a plaintiff must show an absence of a reasonable basis for denying the benefits of the insurance policy and the insurer's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." LeRette v. Am. Med. Sec., Inc., 705 N.W.2d 41, 47-48 (Neb. 2005). The tort of bad faith arises out of a breach of the covenant of good faith and fair dealing. See Ruwe v. Farmers Mut. United Ins. Co., 469 N.W.2d 129, 135 (Neb. 1991). The tort of bad faith "embraces any number of bad faith settlement tactics, such as inadequate investigation, delays in settlement, false accusations, and so forth." Id.

Plaintiff is correct that, under Nebraska law, an insured is not necessarily required to prevail on a breach of contract claim in order to prevail on its bad faith claim. See LeRette, 705 N.W.2d at 48. However, since the tort of bad faith requires a plaintiff to show the insurer had "no reasonable basis for denying the benefits of the insurance policy," there are limited circumstances under which the fact-finder could determine an insurer paid all the amounts due under the insurance policy (i.e., determine there was no breach of contract) while simultaneously finding the insurer had no reasonable basis for denying the benefits of the insurance policy. See Welfl v. Northland Ins. Co., 192 F.3d 1169, 1173 (8th Cir. 1999).

As a preliminary matter, Plaintiff's assertion that FMIC "wrongfully denied payment" does not support it's assertion that the bad faith claim is not predicated on the breach of contract. If FMIC's denial of payment is not found to be a breach of the contract, then there can be no "wrongful" denial of payment. Additionally, Plaintiff cites Hayes v. Metro. Prop. & Cas. Ins. Co., 908 F.3d 370 (8th Cir. 2018) to support its argument that Nebraska law does not require an insured to prevail on a breach of contract claim in order to pursue a bad faith claim. This court has considered this argument and found that "Hayes does not alter the general rule that if a party acts 'in accord with the specific terms of the contract, there can have been no violation of Nebraska's implied covenant of good faith and fair dealing.'" Panchal, 2021 WL 2195504 at *3 (citing Smith v. Lozier Corp. 140 F.3d 765, 767 (8th Cir. 2008).

Here, if Know How does not prevail on its breach of contract claim, there will likely be no basis for finding to find FMIC acted in bad faith; the need for a second trial would be obviated as the bad faith claim would likely be moot. This case is similar to the previous cases in this district where the court has found bifurcation is warranted. See; Kermeen v. State Farm Ins. Co., No. 8:14CV416, 2015 WL 4727646 (D. Neb. Aug. 10, 2015); Ameritas Life Ins. Corp. v. Fed. Ins. Co., No. 4:16cv3006, 2017 WL 432693, at 2 (D. Neb. Jan. 31, 2017) Gaines v. State Farm Fire & Cas. Co., No. 8:20CV385, 2021 WL 3856113 (D. Neb. Aug. 27, 2021). Bifurcation will prevent the parties from spending unnecessary time and resources on discovery disputes related to Plaintiff's bad faith claim. Thus, bifurcation will expedite and economize the case and conserve the court's and the parties' resources because it would limit, if not eliminate discovery disputes "over protective orders, privilege logs and other inevitable discovery battles" regarding the bad faith claim, which will "undoubtedly delay the preparation of the contract action and delay resolution of that issue." Kermeen, 2015 WL 4727646 at *4 ("Investing substantial time and resources in discovering information about the

motivation behind Defendant's claim decisions and its financial motives, if any, can and should await a ruling on the breach of contract claim.")

The court finds there is a real risk of prejudice of the claims are litigated together. Much of the evidence pertaining to the bad faith claim will be irrelevant to the contract claim. For instance, the communications between FMIC employees while handling Plaintiff's claim and FMIC's subjective motivations in evaluating the claim are not relevant to whether FMIC breached the contract terms. While that evidence may prove to be relevant and admissible in the bad faith claim, such information will likely have little, if any, relevance to the breach of contract claim and could create significant prejudice that an appropriate jury instruction could not cure. The evidence relevant to the breach of contract and bad faith actions will not significantly overlap, and the evidence presented for the bad faith claim will potentially prejudice a fair determination of the breach of contract claim. Plaintiff's suggestion of a bifurcation of evidence at trial utilized by some courts in Texas is not a workable solution to cure the prejudice to FMIC and will not promote an efficient resolution of this matter because it would require full discovery before either claim is tried.

Finally, although FMIC may properly withhold documents responsive to requests that seek information relevant solely to Plaintiff's claims for bad faith, the scope of discovery, even after bifurcation, will include discovery relevant to FMIC's defenses that the damages to Plaintiff's property were outside of the contract terms or subject to policy exclusions. See Filing No. 15 at CM/ECF pp. 10-13. In fact, Defendant concedes, "with the partial exception of [FMIC's] Fourth Affirmative Defenses . . . all of the defenses asserted are with respect to Plaintiff's breach of contract claim. Nothing about bifurcation of discovery should prevent Plaintiff from being provided with information [FMIC] has that bears on the defenses." (Filing No.

25 at CM/ECF p. 10). To the extent that FMIC possesses non-privileged discovery relevant to its defenses to the contract claim, it should be produced.

IT IS ORDERED:

1) Defendant Federated Mutual Insurance Company's motion for bifurcation is granted. (Filing No. 22) Plaintiff Know How's breach of contract claim is severed and will be tried first. The bad faith claim is stayed pending resolution of the breach of contract action.

2) Defendant FMIC's motion for protective order is granted and FMIC will not be required to submit responses to discovery that is directed to solely the bad faith claim. (Filing No. 28). The parties shall meet and confer to discuss outstanding discovery issues in light of the court's order bifurcating Plaintiff's claims.

3) FMIC's responses to the pending discovery are due December 2, 2021. Any motion to compel additional responses to pending discovery must be filed on or before December 16, 2021.

Dated this 2nd day of November, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge