IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KNOW HOW, LLC,<br><br>             Plaintiff,<br><br>    vs.<br><br>FEDERATED MUTUAL INSURANCE COMPANY,<br><br>             Defendant. | **8:21CV130**<br><br>**ORDER** |

Defendant Federated Mutual Insurance Company ("Federated") has moved to strike the disclosure of Plaintiff Know How, LLC's ("Know How") rebuttal expert, Logan Woodward. Federated argues the court's progression order does not allow rebuttal expert disclosures, and Mr. Woodward's opinions are not proper rebuttal opinions. (Filing Nos. 58 and 60). For the reasons stated below, the motions will be denied.

The court's progression order did not set a deadline for disclosing rebuttal experts, but it also did not preclude these disclosures. Had the parties requested a rebuttal deadline (typically 14 days after Defendant's disclosures under local practice), the court would have included that deadline in the order. But where the progression is silent on the issue of rebuttal experts, the Federal Rules govern the issue. Buhr Bros., Inc. v. Michaelis, No. CIV 12-3014-RAL, 2013 WL 1501571 at *2 (D.S.D. Apr. 11, 2013) ("Most federal courts addressing the issue have concluded that, when a scheduling order is silent on the issue of designation of a rebuttal expert, the rebuttal expert is allowed based on Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure.").

Under the Federal Rules, the plaintiff was afforded 30 days following the defendant's disclosures to serve a rebuttal expert disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii). Know How's rebuttal expert was timely disclosed. (Filing No. 58, at CM/ECF p. 2-3, ¶¶ 6-8). Know How's rebuttal expert disclosure will not be stricken as either not permitted under the court's case management order or as untimely.

Defendant argues the report of Plaintiff's rebuttal expert, Logan Woodward, is not a rebuttal disclosure and must be stricken. Rebuttal expert opinions must "explain, repel, counteract or disprove" evidence raised by an adverse party. Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006) (internal citation omitted). Under Fed. R. Civ. P. 26(a)(2)(D)(ii), rebuttal experts are those who present "evidence that is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii). Rebuttal testimony should not be a mere continuation of a party's case-in-chief. Marmo, 457 F.3d at 759.

Federated disclosed the expert report of JRS Appraisal Services (authored by John Sherman and Britney Reddy) which states the hailstorm at issue may have added damage to the roof of Plaintiff's property, but the added damage did not lower the market value of the property. Federated's expert intends to testify that the roof at issue was damaged before the storm, and since it needed to be replaced both before and after the hailstorm, the storm damage did not cause any damage which is compensable under Nebraska law.

Plaintiff's rebuttal expert, Logan Woodward, intends to testify that the property value opinions in the JRS Appraisal report lack a sufficient and reliable foundation. Mr. Woodward explains:

2

> There is no discussion or support for the lack of change of market value of the property as indicated, it may or may not be correct, but no discussion is offered to duplicate the process to determine the reasonableness of the claims without market support. The appraiser mentioned in the report the difficulty of finding such comparable sales and information. Any and all data obtained still needs to be reported and analyzed in a manner that allows for a conclusion to be drawn, based on market evidence.

([Filing No. 62-2, at CM/ECF p. 7](#)). In other words, Mr. Woodward is stating Defendant's experts did not follow proper and accepted appraisal practices when determining the before and after values of Plaintiff's damaged property.

Mr. Woodward's opinion challenging the reliability and admissibility of the defense expert opinions. It does not offer a new opinion to be raised in Plaintiff's case-in-chief. If the defense never offers the JRS Appraisal property valuation opinions, Mr. Woodward's testimony which challenges those opinions will be unnecessary. As such, Mr. Woodward opinions will not be stricken as improper rebuttal testimony.

Federated further argues the Woodward disclosure must be stricken as incomplete because it fails to list the expert's past publications and the cases in which he was testified. Plaintiff responds by affirmatively stating that Woodward has not published any articles or provided testimony in the past, so there was nothing to disclose. The federal rules do not address what a party must do when an expert has no publication or testimony history to report. So, Plaintiff did not violate Rule 26 by not providing those facts as part of the expert disclosure. That said, the court will require Plaintiff to formally supplement the rebuttal disclosure regarding Mr. Woodward's prior publications and testimony.

Accordingly,

3

IT IS ORDERED:

1) Defendants' motions, (Filing Nos. 58 and 60), are denied.

2) On or before November 4, 2022, Plaintiff shall supplement the expert disclosure for its rebuttal expert, Logan Woodward, by providing a listing of his prior testimony and his previously published articles on property appraisal or, in the alternative, a statement that no such prior testimony or publications exist.

Dated this 21st day of October, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge